Dear Mr. Lewis:
You advise this office that you currently hold unclassified employment with the Lafayette Parish School Board as a sales tax auditor. Your questions to this office arise from your intention to seek the office of state representative. We restate your questions from your correspondence and provide our response, below.
I. Are there rules or restrictions which prevent you as anemployee of the Lafayette Parish School Board from campaigning forstate representative?
There is no state law which would require you to resign your employment with the school board during your campaign for state representative. However, as a school board employee you are subject to the employment policy of the Lafayette Parish School Board applicable to an employee's campaign for public office. We suggest you review this policy for any possible limitation which might be applicable.
II. Are you required by state law to resign from youremployment with the Lafayette Parish School Board if you are electedstate representative?
The provisions of the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., are applicable to the holding of two or more public offices and/or employments. La.R.S. 42:63(C) provides: *Page 2 
C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
[Emphasis added.]
A state representative holds "an elective office in the government of this state." See La.R.S. 42:62(7).[1] An employee of the school board holds "employment . . . in the government of a political subdivision of the state." See La.R.S. 42:62(9).[2]
La.R.S. 42:63(C) prohibits a state legislator from holding employment with the school board. An exemption in the law exists in La.R.S. 42:66(B), which permits one to hold state elective office and employment with a school board if the person is employed there in a "professional educational capacity." This exemption is inapplicable here, because you are employed as a sales tax auditor, and not in a professional educational capacity. It is the opinion of this office that if you are elected state representative, you must resign from your employment with the school board.
III. Can photos of your wife, who is a classified employee ofthe Department of Health and Hospitals as a nurse supervisor,legally appear on push cards for your campaign?
La.Const. Art. X § 9(A) states "no officer or employee in the classified service shall participate or engage in political activity . . ." La.Const. Art. X § 9(C) defines "political activity" as "an effort to support or oppose the election of a candidate for political office . . ."[3] This prohibition is also contained in Civil Service Rule 14.1(e). *Page 3 
It is the opinion of this office that the inclusion of your wife's photo on campaign cards is "political activity" as defined and therefore is prohibited. We would strongly suggest that your wife consult the Louisiana Department of Civil Service for an advisory opinion regarding your wife's permitted activities relative to your campaign. Such opinions are provided by the Department under authority of La.R.S. 42:1382.[4]
IV. If elected state representative, will you be able tocontinue in the Louisiana School Employees' Retirement System andpursue retirement at a later date?
The questions regarding your retirement benefits must be forwarded to the Legal Department of the Louisiana School Employees' Retirement System, P.O. Box 44516, Baton Rouge, LA 70804, phone 225-925-6484.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62(7) provides "the legislative branch of state government includes the members of the Senate and House of Representatives. . . ."
[2] La.R.S. 42:62(9) provides "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . ."
[3] La.Const. Art. X § 9 provides:
9. Prohibitions Against Political Activities
Section 9. (A) Party Membership; Elections. No member of a civil service commission and no officer or employee in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as the classified state employee serving on the State Civil Service Commission; or be a member of any national, state, or local committee of a political party or faction; make or solicit contributions for any political party, faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.
(B) Contributions. No person shall solicit contributions for political purposes from any classified employee or official or use or attempt to use his position in the state or city service to punish or coerce the political action of a classified employee.
(C) Political Activity Defined. As used in this Part, "political activity" means an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election. The support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited.
[4] La.R.S. 42:1382(B) states:
(B) Upon the written request of any classified state employee describing a proposed activity and requesting an opinion as to whether such activity constitutes a prohibited political activity, the State Department of Civil Service shall issue an advisory opinion as to whether or not the proposed activity which is the subject of the request of the employee is prohibited political activity as defined by the constitution or by the rules of the civil service commission. The State Department of Civil Service shall issue said opinion within twenty days of the receipt of said request by the State Department of Civil Service and in issuing such opinion shall cite the particular provision of the constitution or of commission rules by which the activity is prohibited. The opinion rendered by the State Department of Civil Service shall be effective until it is otherwise amended, revised and supplemented, or vitiated by the civil service commission and any action taken by the civil service commission shall not have retroactive effect.